[Cite as *Lopez v. Hulburt*, 2018-Ohio-2499.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LUTHER LOPEZ

    Appellant

    v.

SARAH HULBURT

    Appellee

C.A. No.     28817

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2017-02-0788

DECISION AND JOURNAL ENTRY

Dated: June 27, 2018

TEODOSIO, Judge.

{¶1}   Appellant, Luther Lopez, appeals the judgment of the Summit County Court of Common Pleas, that granted summary judgment in favor of Appellee, Sarah Hulburt, on the claims in Mr. Lopez' complaint.  This Court reverses and remands.

I.

{¶2}   Ms. Hulburt is an attorney who was appointed to represent Mr. Lopez in a criminal matter.  After the matter concluded, Mr. Lopez filed a civil complaint against Ms. Hulburt, alleging legal malpractice.  In lieu of an answer or motion to dismiss pursuant to Civ.R. 12(B), Ms. Hulburt filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Because Ms. Hulburt attached evidence outside the complaint to her motion, the magistrate later construed the motion for judgment on the pleadings as a motion to dismiss pursuant to Civ.R. 12(B)(6), converted that motion into a motion for summary judgment, and gave Mr. Lopez thirty days in which to respond.  Prior to the conversion to a motion for summary judgment, however,

Mr. Lopez had responded in opposition to the motion for judgment on the pleadings, attaching his own extraneous evidence. In addition, Mr. Lopez filed a motion for summary judgment, purportedly relying on Ms. Hulburt's admissions based on her failure to respond to his request for admissions.

{¶3} With dispositive motions pending by both parties, Ms. Hulburt filed an answer to the complaint, in which she disputed proper service, denied the material allegations, and raised a few affirmative defenses. It was after she filed her answer that the magistrate converted her prior motion for judgment on the pleadings into a motion for summary judgment. Ms. Hulburt also filed a motion for the trial court to accept her filing of her responses to Mr. Lopez' request for admissions instanter, based on improper Civ.R. 36(A) service of the request and Mr. Lopez' failure to certify service. The trial court granted Ms. Hulburt's motion. Mr. Lopez filed a motion for reconsideration of the order allowing Ms. Hulburt to file her response to the request for admissions instanter.

{¶4} Shortly thereafter, the magistrate issued a magistrate's order in which he purported to grant Ms. Hulburt's motion for summary judgment, and "overrule[]" Mr. Lopez' motion for summary judgment. Citing Civ.R. 53(D)(2)(b), the order stated that any party may file a motion within ten days to set aside the magistrate's order. Mr. Lopez filed a motion for reconsideration. The trial court issued an order finding that Mr. Lopez had failed to submit any evidence to establish any material issues of fact. It, therefore, ordered that it "grants [Ms.] Hulburt's Motion for Judgment on the Pleadings, which was previously converted into a Motion for Summary Judgment, on all claims contained in [Mr.] Lopez'[] Complaint." Mr. Lopez filed a timely appeal in which he raises four assignments of error for review.

**{¶5}** As an initial matter, we note that Ms. Hulburt has failed to file an appellee's brief. Accordingly, pursuant to App.R. 18(C), "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING [MS. HULBURT] SUMMARY JUDGMENT[.]

**{¶6}** Mr. Lopez argues that the trial court erred by granting summary judgment to Ms. Hulburt on his claims. Mr. Lopez does not challenge the machinations engaged in by the trial court in converting Ms. Hulburt's motion for judgment on the pleadings into a motion for summary judgment. Accordingly, we decline to address that issue. Nevertheless, this Court agrees that the trial court erred in rendering summary judgment in favor of Ms. Hulburt.

**{¶7}** Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper only if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶8}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be

denied." *Id.* at 293. Only where the moving party fulfills this initial burden, does the burden shift to the nonmoving party to prove that a genuine issue of material fact exists. *Id.* "[T]he nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." *Id.*

{¶9} In this case, the trial court granted Ms. Hulburt's motion for summary judgment on the basis that "[Mr.] Lopez fails to identify or attach any evidence demonstrating any material issues of fact." In doing so, the trial court improperly shifted the initial burden of proof to Mr. Lopez as the nonmoving party. Accordingly, the trial court failed to properly consider Ms. Hulburt's motion for summary judgment.

{¶10} Moreover, this Court declines to consider the merits of Ms. Hulburt's motion for summary judgment in the first instance. "This Court has repeatedly held that issues raised in summary judgment motions, but not considered by the trial court will not be decided by this Court in the first instance." *McFarland v. Niekamp, Weisensell, Mutersbaugh & Mastrantonio, LLP*, 9th Dist. Summit No. 28462, 2017-Ohio-8394, ¶ 31, citing *Skidmore v. Natl. Bronze & Metals (Ohio), Inc.*, 9th Dist. Lorain No. 12CA010328, 2014-Ohio-4423, ¶ 16; *Neura v. Goodwill Indus.*, 9th Dist. Medina No. 11CA0052-M, 2012-Ohio-2351, ¶ 19; *Guappone v. Enviro-Cote, Inc.*, 9th Dist. Summit No. 24718, 2009-Ohio-5540, ¶ 13. *See also Expressions Hair Design v. Schneiderman*, 581 U.S. ___, ___, 137 S.Ct. 1144, 1151 (2017), quoting *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. ___, ___, 134 S.Ct. 2120 (2014) ("[W]e are a court of review, not of first view."). "To consider summary judgment arguments in the first instance on appeal, 'effectively depriv[es] the non-prevailing party of appellate review.'" *McFarland* at ¶ 38, quoting *Guappone* at ¶ 13. Mr. Lopez' first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING [MR. LOPEZ'] [MOTION FOR] SUMMARY JUDGMENT[.]

**{¶11}** Mr. Lopez argues that the trial court erred by denying his motion for summary judgment. Unless one of the rare exceptions exists, the denial of a motion for summary judgment is generally not a final, appealable order. *McFarland* at ¶ 36, citing *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90 (1990). As no exception exists in this case, this Court declines to address this assignment of error.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING APPELLEE TO FILE ITS ADMISSIONS INSTANTER[.]

**{¶12}** Mr. Lopez argues that the trial court erred by allowing Ms. Hulburt to file her responses to his requests for admissions beyond the time period permitted by the Rules of Civil Procedure. This Court disagrees.

**{¶13}** Civ.R. 36(A) requires that any party requesting admissions by another party must serve a written request upon the party, as well as an electronic copy of the request. A party may seek leave of court to be released from the requirement of serving an electronic copy. *Id*. Civ.R. 36(C) provides that "[a] party is not required to respond to requests for admission that are not made in compliance with this division."

**{¶14}** In this case, Mr. Lopez did not certify service on Ms. Hulburt of his request for admissions. Neither did he serve her with an electronic copy of his request or seek and obtain leave of court to be released from that requirement. Accordingly, Ms. Hulburt was not obligated to respond to his request. The fact that she later did respond only served to facilitate Mr. Lopez' request, not prejudice him. The third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT
BEFORE ALL DISCOVERY WAS COMPLETED[.]

**{¶15}** Mr. Lopez argues that the trial court erred by granting summary judgment to Ms. Hulburt before discovery was completed. Given this Court's resolution of the first assignment of error, the fourth assignment of error is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

**{¶16}** As a final note, this Court cautions the trial court against any further disregard for the Rules of Civil Procedure with regard to the referral of matters to magistrates. The magistrate expressly issued a magistrate's order purporting to dispose of the case. Civ.R. 53(D)(2)(a)(1), however, provides: "Subject to the terms of the relevant reference, a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and *if not dispositive of a claim or defense of a party*." (Emphasis added.) The magistrate's order purporting to grant summary judgment to Ms. Hulburt on Mr. Lopez' claim was ineffective to do so. Nevertheless, the trial court, too, issued a judgment, which conveyed jurisdiction on this Court to address a final, appealable order.

### III.

**{¶17}** Mr. Lopez' first assignment of error is sustained. His third assignment of error is overruled. We decline to address the second and fourth assignments of error, as they are not properly before us at this time for consideration. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

LUTHER LOPEZ, pro se, Appellant.

SARAH HULBURT, pro se, Appellee.