[Cite as *Lopez v. Hulburt*, 2019-Ohio-5331.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

LUTHER LOPEZ

    Appellant

    v.

SARAH HULBURT

    Appellee

C.A. No.     29309

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2017-02-0788

DECISION AND JOURNAL ENTRY

Dated: December 26, 2019

---

CARR, Judge.

{¶1} Plaintiff-Appellant Luther Lopez appeals, pro se, the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court previously summarized the history of this case in a prior appeal:

[Defendant-Appellee Sarah] Hulburt is an attorney who was appointed to represent Mr. Lopez in a criminal matter. [In that matter, following plea negotiations, Mr. Lopez pleaded guilty to domestic violence and receiving stolen property, while a charge for having weapons while under disability was dismissed.] After the matter concluded, Mr. Lopez filed a civil complaint against Ms. Hulburt, alleging legal malpractice. In lieu of an answer or motion to dismiss pursuant to Civ.R. 12(B), Ms. Hulburt filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Because Ms. Hulburt attached evidence outside the complaint to her motion, the magistrate later construed the motion for judgment on the pleadings as a motion to dismiss pursuant to Civ.R. 12(B)(6), converted that motion into a motion for summary judgment, and gave Mr. Lopez thirty days in which to respond. Prior to the conversion to a motion for summary judgment, however, Mr. Lopez had responded in opposition to the motion for judgment on the pleadings, attaching his own extraneous evidence. In addition, Mr. Lopez filed a motion for summary judgment, purportedly relying on Ms. Hulburt's admissions based on her failure to respond to his request for admissions.

With dispositive motions pending by both parties, Ms. Hulburt filed an answer to the complaint, in which she disputed proper service, denied the material allegations, and raised a few affirmative defenses. It was after she filed her answer that the magistrate converted her prior motion for judgment on the pleadings into a motion for summary judgment. Ms. Hulburt also filed a motion for the trial court to accept her filing of her responses to Mr. Lopez' request for admissions instanter, based on improper Civ.R. 36(A) service of the request and Mr. Lopez' failure to certify service. The trial court granted Ms. Hulburt's motion. Mr. Lopez filed a motion for reconsideration of the order allowing Ms. Hulburt to file her response to the request for admissions instanter.

Shortly thereafter, the magistrate issued a magistrate's order in which he purported to grant Ms. Hulburt's motion for summary judgment, and "overrule [ ]" Mr. Lopez' motion for summary judgment. Citing Civ.R. 53(D)(2)(b), the order stated that any party may file a motion within ten days to set aside the magistrate's order. Mr. Lopez filed a motion for reconsideration. The trial court issued an order finding that Mr. Lopez had failed to submit any evidence to establish any material issues of fact. It, therefore, ordered that it "grants [Ms.] Hulburt's Motion for Judgment on the Pleadings, which was previously converted into a Motion for Summary Judgment, on all claims contained in [Mr.] Lopez'[ ] Complaint."

*Lopez v. Hulburt*, 9th Dist. Summit No. 28817, 2018-Ohio-2499, ¶ 2-4.

{¶3} This Court reversed the trial court's grant of summary judgment to Ms. Hulburt, concluding "the trial court improperly shifted the initial burden of proof to Mr. Lopez as the nonmoving party. Accordingly, the trial court failed to properly consider Ms. Hulburt's motion for summary judgment." *Id.* at ¶ 9. We declined to address whether the trial court erred in denying Mr. Lopez' motion for summary judgment or whether the trial court erred in granting summary judgment before discovery was completed. *Id.* at ¶ 11, 15. However, we did conclude the trial court did not err in allowing Ms. Hulbert to file her responses to Mr. Lopez' requests for admissions beyond the time allotted by the rules. *Id.* at ¶ 12.

{¶4} Upon remand, the trial court issued a scheduling order which provided that discovery would be completed by November 16, 2018 and that dispositive motions would be filed by November 30, 2018. In addition, the trial court required that initial expert witnesses had

to be identified by September 28, 2018, and any rebuttal experts were to be identified by and reports provided by October 29, 2018.

{¶5}   On October 3, 2018, Ms. Hulburt identified her rebuttal expert as Donald Hicks, a local attorney.  Mr. Lopez did not identify an expert.  Thereafter, both parties filed several motions.  Of relevance to this appeal, Mr. Lopez filed a motion to deem unanswered admissions as admitted or, in the alternative, a motion to compel Ms. Hulburt to answer the admissions.  In addition, Mr. Lopez filed a motion to extend the discovery deadline and a motion to strike the expert testimony of Mr. Hicks.  The trial court denied Mr. Lopez' motions.

{¶6}   On November 30, 2018, Ms. Hulburt filed a motion for summary judgment along with several exhibits.  She included her own affidavit, as well as the affidavit and expert report of Mr. Hicks.  Mr. Lopez filed a brief in opposition to Ms. Hulburt's motion for summary judgment but submitted no accompanying evidentiary materials.  Ms. Hulburt subsequently submitted a reply brief.

{¶7}   The trial court granted Ms. Hulburt's motion for summary judgment determining that Ms. Hulburt met her initial burden and Mr. Lopez failed to meet his reciprocal burden.  Mr. Lopez has appealed, raising four assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BEFORE THE COMPLETION OF PLAINTIFF'S DISCOVERY WAS COMPLETED.

{¶8}   Mr. Lopez asserts in his first assignment of error that the trial court erred in granting summary judgment prior to the completion of his discovery.

{¶9} "A trial court has the inherent authority to control its docket and to decide discovery matters. Accordingly, [t]his Court will not reverse a trial court's decision concerning the regulation of its discovery proceedings absent an abuse of discretion." (Internal citation and quotations omitted.) *Herhold v. Smith Land Co.*, 9th Dist. Summit No. 28915, 2019-Ohio-2418, ¶ 67.

{¶10} Here, the trial court issued a scheduling order providing that discovery would be completed by November 16, 2018 and dispositive motions would be filed on or before November 30, 2018. Ms. Hulburt's motion for summary judgment was filed November 30, 2018 and the trial court ruled on the motion on January 16, 2019. In so doing, the trial court noted that Mr. Lopez' response was untimely, but nonetheless, in the interests of justice, opted to deem the response timely and considered his response.

{¶11} Mr. Lopez points to a case from a federal district court, which he argues stands for the proposition that a party may not move for summary judgment until 30 days after the close of all discovery. However, even if we were to agree that the trial court was bound by procedures in federal court, the case does not stand for the proposition Mr. Lopez believes it does. That case states that "Federal Rule of Civil Procedure 56(b) permits a party to move for summary judgment 'at any time until 30 days after the close of all discovery.'" *Brooks v. Vision Wheel, Inc.*, W.D.Tenn. No. 11-2697-STA, 2012 WL 1252457, *2 (Apr. 13, 2012).

{¶12} Mr. Lopez also seems to assert that he was prevented from conducting adequate discovery because Ms. Hulburt failed to answer certain admissions. While Mr. Lopez did move the trial court to extend the discovery deadline and filed a motion to compel the answers, the trial court denied the motions. Mr. Lopez has not expressly challenged the denial of his motion to

extend discovery in this appeal. Further, Mr. Lopez' challenge to the denial of his motion to compel is addressed below.

{¶13} Overall, Mr. Lopez has not met his burden on appeal to demonstrate the trial court erred in ruling on the motion for summary judgment when it did.

{¶14} Mr. Lopez' first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY REFUSING TO COMPEL THE APPELLEE TO ANSWER THE APPELLANTS UNANSWERED ADMISSIONS AND/OR REFUSING TO DEEM THE UNANSWERED ADMISSIONS DEEMED ADMITTED. [SIC.]

{¶15} Mr. Lopez argues in his second assignment of error that the trial court erred in failing to compel Ms. Hulburt to answer the admissions or in failing to deem the unanswered admissions admitted.

{¶16} As noted above, this Court reviews rulings on discovery matters for an abuse of discretion. *Herhold*, 2019-Ohio-2418, at ¶ 67.

{¶17} In his motion, Mr. Lopez maintained that he propounded admissions upon Ms. Hulburt on September 17, 2018 and she repeatedly refused to respond to all of them. Mr. Lopez did not submit Ms. Hulburt's responses, or list the admissions that he asserted remained unanswered, in support of his motion. Ms. Hulburt responded to the motion asserting that she had served Mr. Lopez with her responses on or about October 2, 2018. She further maintained that objections to some of the admissions were properly entered under Civ.R. 36(A)(1)-(2). Thus, Ms. Hulbert argued that Mr. Lopez was seeking an incorrect remedy.

{¶18} The trial court denied Mr. Lopez' motion as moot, noting that Ms. Hulburt responded to Mr. Lopez' motion stating that she had served her responses on October 2, 2018. Mr. Lopez has not demonstrated that the trial court abused its discretion in doing so. In the trial

court, Mr. Lopez did not submit Ms. Hulburt's responses to his request for admissions nor did he identify the admissions he believed Ms. Hulburt failed to adequately respond to. Thus, it would have been difficult for the trial court to even determine if the responses to the admissions were inadequate under the law. Moreover, Ms. Hulburt replied that she had responded to the request for admissions and that her responses included objections to some of the statements. Subsequently, Mr. Lopez did not file anything disputing Ms. Hulburt's contention. Accordingly, we cannot say that Mr. Lopez has demonstrated that the trial court abused its discretion in concluding that Mr. Lopez' motion was moot.

{¶19} Mr. Lopez' second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING APPELLANTS MOTION TO STRIKES THE APPELLEES EXPERT TESTIMONY AFTER IT WAS PROVING THAT THE EXPERT SUBMITTED MISLEADING, FRAUDULENT AND PERJURED TESTIMONY TO THE COURT. [SIC.]

{¶20} Mr. Lopez argues in his third assignment of error that the trial court erred in denying his motion to strike the expert testimony of Mr. Hicks.

{¶21} A trial court's ruling on a motion to strike is reviewed for an abuse of discretion. *See Flower v. Brunswick City School Dist. Bd. of Edn.*, 9th Dist. Medina No. 14CA0021-M, 2015-Ohio-2620, ¶ 44.

{¶22} Mr. Lopez did not argue that the affidavit and accompanying report were improper Civ.R. 56 evidence, nor did he assert that Mr. Hicks failed to qualify as an expert. Instead, in essence, Mr. Lopez strongly disagreed with Mr. Hicks' conclusions. Mr. Lopez has not pointed to any law that would require the trial court to strike Mr. Hicks' affidavit and report for that reason. *See* App.R. 16(A)(7). While Mr. Lopez could have presented evidence to

contradict the affidavit and report of Mr. Hicks, he chose not to do so. Mr. Lopez has not demonstrated that the trial court abused its discretion in denying Mr. Lopez' motion to strike.

{¶23} Mr. Lopez' third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE IN LIGHT OF BEING PRESENTED WITH A NUMBER OF GENUINE ISSUES IN DISPUTE.

{¶24} Mr. Lopez argues in his fourth assignment of error that the trial court erred in granting summary judgment to Ms. Hulburt. In so doing, Mr. Lopez argues that this Court should not consider Mr. Hicks' report; however, that issue was resolved in Mr. Lopez' third assignment of error. In addition, Mr. Lopez asserts that case law confirms that Ms. Hulburt was negligent.

{¶25} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶26} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶27} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of

a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶28} "To state a cause of action for legal malpractice arising from criminal representation, a plaintiff must allege (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." *Krahn v. Kinney*, 43 Ohio St.3d 103 (1989), syllabus; *see also Houser v. Pond*, 9th Dist. Summit No. 21887, 2004-Ohio-4578, ¶ 11. "[A] plaintiff need not allege a reversal of his or her conviction in order to state a cause of action for legal malpractice arising from representation in a criminal proceeding." *Id.* at 106.

> The attorney's duty is to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.] [I]n an action for legal malpractice, one must set forth expert testimony to establish an attorney's alleged malpractice or breach of duty and care, unless the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen. Furthermore, an affidavit from the acting attorney is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff.

(Internal citations and quotations omitted.) *Yates v. Barilla*, 9th Dist. Lorain No. 11CA010055, 2012-Ohio-3876, ¶ 8.

{¶29} In his complaint, Mr. Lopez raised several issues that he believed demonstrated Ms. Hulburt's negligent representation of his criminal matter. Mr. Lopez asserted that Ms. Hulburt failed to pursue legal strategies that were discussed, failed to challenge Mr. Lopez' denial of a preliminary hearing, failed to conduct an adequate investigation, failed to file a motion to dismiss the indictment as defective, encouraged Mr. Lopez to plead guilty without conducting an adequate investigation, failed to object to the trial court's prison sentence when Mr. Lopez understood he was to receive community control, failed to verify the information in the presentence investigation report or provide Mr. Lopez with a copy of it, failed to advise Mr. Lopez of the dangers of allocution, and failed to secure Mr. Lopez' right to an appeal.

{¶30} In her motion for summary judgment, Ms. Hulburt argued that she met the standard of care in her representation of Mr. Lopez. In support of her motion she submitted her affidavit and the affidavit and report of Mr. Hicks. In addition, she submitted the transcripts of the plea and sentencing hearings, a copy of a judgment entry from Mr. Lopez' criminal matter denying his petition for post-conviction relief, and letters from both the Supreme Court of Ohio Disciplinary Counsel and the Akron Bar Association dismissing his grievances against Ms. Hulburt and closing the case files.

{¶31} In Ms. Hulburt's affidavit, she averred that she was an attorney in good standing with the Supreme Court of Ohio and licensed to practice law since 2009. She asserted that she reviewed the complete case file as it related to her representation of Mr. Lopez in the criminal matter as well as the filings in the legal malpractice action. Ms. Hulburt averred that, "[b]ased upon [her] years of experience, education, and skill, [her] personal knowledge of the facts and circumstances involved in [her] representation of [Mr.] Lopez, to a reasonable degree of professional certainty, [she] did not violate the standard of care owed to [Mr.] Lopez by an

attorney practicing in this geographic area, within the implicated areas of law, when providing legal services to [Mr.] Lopez [in the underlying criminal matter.]" Ms. Hulburt also detailed some of the history of her representation of Mr. Lopez.

{¶32} Mr. Hicks, a licensed attorney since 1983, was engaged as an expert witness on behalf of Ms. Hulburt regarding Ms. Hulburt's performance as it related to the standard of care owed Mr. Lopez in the underlying criminal case. Mr. Hicks also averred, based upon a reasonable degree of certainty, that Ms. Hulburt "did not breach any duty in the attorney/client relationship by deviating from the applicable, accepted standard of legal criminal defense practice in [the underlying criminal case.]" Mr. Hicks reviewed the docket in the instant matter and the criminal matter, the case file in the criminal matter, related appeal dockets, the grievance memoranda filed by Mr. Lopez, and the transcripts of the plea and sentencing hearings.

{¶33} As to Mr. Lopez' allegations, Mr. Hicks pointed out that Ms. Hulburt did not represent Mr. Lopez at the stage of the preliminary hearing, that Ms. Hulburt exercised appropriate discretion in determining that motions posed by Mr. Lopez were without merit, and that Ms. Hulburt did not fail to conduct an adequate investigation. Mr. Hicks noted that "the discovery materials as a whole indicated the guilt of [Mr.] Lopez [and a]s a conviction was likely, Attorney Hulburt properly exercised her duty to negotiate a plea on Lopez' behalf." It was Mr. Hicks' opinion that "[t]here [was] no other fact-finding or investigation that Attorney Hulburt could have conducted that would have undone the evidence against [Mr.] Lopez." Mr. Hicks also discussed the plea deal and observed that Ms. Hulburt's negotiations resulted in the dismissal of the most serious charge Mr. Lopez faced and eliminated the possibility of 36 months in prison. Mr. Hicks did not find fault with Ms. Hulburt not ensuring that Mr. Lopez was placed on community control. Mr. Hicks pointed out that, under the plea deal, the State and Ms.

Hulburt agreed to recommend a sentence of community control, which they both did, but in the end, sentencing was left to the discretion of the trial court. It was the trial court who chose to sentence Mr. Hicks to six months in prison. Mr. Hicks also found that Ms. Hulburt appropriately handled the pre-sentence investigation report and concluded that nothing in the record indicated that Mr. Lopez wished to exercise his limited right to appeal.

{¶34} In summary, Mr. Hicks' report provided a detailed synopsis of his analysis of Ms. Hulbert's representation of Mr. Lopez in the criminal matter. His ultimate conclusion was that Ms. Hulbert did not breach any duty owed to Mr. Lopez. Therefore, given all of the foregoing, this Court concludes that Ms. Hulbert met her initial burden. Further, as Mr. Lopez did not present any evidence, expert or otherwise, to rebut Ms. Hulburt's evidence he failed to meet his reciprocal burden. Mr. Lopez has not demonstrated that the trial court erred in granting Ms. Hulburt's motion for summary judgment on his claim for legal malpractice.

{¶35} Mr. Lopez' fourth assignment of error is overruled.

III.

{¶36} Mr. Lopez' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

LUTHER LOPEZ, pro se, Appellant.

MICHELLE STINE BARNOFF, Attorney at Law, for Appellee.