[Cite as *Arnoff v. Ferguson*, 2023-Ohio-3511.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

BRUCE ARNOFF

    Appellant

    v.

DENISE FERGUSON

    Appellee

C.A. No.     30399

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2021 10 3310

DECISION AND JOURNAL ENTRY

Dated: September 29, 2023

CARR, Judge.

**{¶1}** Plaintiff-Appellant Bruce Arnoff appeals, pro se, the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In October 2021, Mr. Arnoff filed a complaint, pro se, alleging that his former appellate attorney, Defendant-Appellee Denise Ferguson, committed legal malpractice in her representation of Mr. Arnoff in his direct appeal. In the related trial court proceedings, Mr. Arnoff had pleaded guilty to multiple serious charges, including complicity to commit aggravated murder. Mr. Arnoff was not represented by Ms. Ferguson in the trial court proceedings.

**{¶3}** Mr. Arnoff filed multiple motions for summary judgment. Ms. Ferguson opposed Mr. Arnoff's motions. Her own affidavit and an affidavit of another attorney accompanied one of her filings in opposition. Ms. Ferguson also filed a motion for summary judgment accompanied by an affidavit from another attorney and materials from the trial court proceedings. Mr. Arnoff

filed a brief in opposition. Mr. Arnoff did not submit evidentiary materials in support of his motions for summary judgment, although his own affidavit accompanied the complaint.

{¶4} Ultimately, the trial court granted Ms. Ferguson's motion for summary judgment and denied Mr. Arnoff's motions for summary judgment. In so doing, the trial court concluded that Mr. Arnoff had not met his burden to demonstrate his entitlement to summary judgment and that Ms. Ferguson had met her burden. The trial court determined that there was no genuine issue of material fact with respect to whether Ms. Ferguson breached a duty of care or caused Mr. Arnoff's damages.

{¶5} Mr. Arnoff has appealed, raising five assignments of error for our review. Some of his arguments will be addressed together to facilitate our analysis.

II.

**ASSIGNMENT OF ERROR I**

SUMMIT COUNTY COURTS ABUSED THEIR DISCRETION AND VIOLATED JUDICIAL CODES OF CONDUCT[.]

{¶6} Mr. Arnoff appears to argue in his first assignment of error that the trial judge was biased against him simply because the trial judge is a female attorney as is Ms. Ferguson and that is the reason why the trial court ruled against him.

{¶7} "A party may seek to disqualify a judge who is allegedly prejudiced and biased by filing an affidavit of disqualification with the Ohio Supreme Court in accordance with R.C. 2701.03. * * * [A]n appellate court lacks the authority to pass upon disqualification or to void the judgment of the trial court upon that basis." (Internal quotations and citations omitted.) *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 44. "[A]n appellate court also lacks jurisdiction to review a trial court's decision on a motion to recuse." *Id.*

{¶8}  To the extent that Mr. Arnoff raises this type of judicial bias claim, the Court is without authority to address it.  *See id.*

{¶9}  "Appellate courts, however, have jurisdiction to review a claim of judicial bias that is alleged to result in a violation of a [party's] due process rights."  (Alteration sic and internal quotations and citations omitted.)  *Id.* at ¶ 45.  Nonetheless, to the extent that Mr. Arnoff's allegations can be read to assert a due process violation, Mr. Arnoff's allegations are just that, allegations.  Mr. Arnoff has developed no argument nor presented any evidence to support his claims of judicial bias.  Moreover, "disagreement[s] with a judge's ruling on legal issues and the management of the case are not evidence of bias or prejudice, but rather issues subject to appeal."  *Id.* at ¶ 48.

{¶10}  Mr. Arnoff's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

DENISE FERGUSON BLATANTLY VIOLATED THE PROFESSIONAL CODES OF CONDUCT * * * [.]

**ASSIGNMENT OF ERROR III**

DENISE FERGUSON NEGLIGENTLY RAISED A LEGALLY INCORRECT ERROR[.]

**ASSIGNMENT OF ERROR IV**

DENISE FERGUSON ERRED WHEN SHE PRESENTED ERROR #2, MOTION TO VACATE[.]

**ASSIGNMENT OF ERROR V**

DENISE FERGUSON WAS NEGLIGENT AGAIN WHEN SHE WAS NOTIFIED THAT THE APPEAL WAS OVERRULED[.]

{¶11}  Mr. Arnoff's remaining arguments are somewhat difficult to follow, but we will consider them in light of the issue before this Court:  whether the trial court erred in granting Ms.

Ferguson's motion for summary judgment and in denying Mr. Arnoff's motions for summary judgment.

{¶12} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶13} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

**{¶15}** "A claim for legal malpractice requires the plaintiff to prove the following: (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." (Internal quotations omitted.) *Alonso v. Thomas*, 9th Dist. Lorain No. 19CA011483, 2021-Ohio-341, ¶ 56, quoting *Vahila v. Hall*, 77 Ohio St.3d 421 (1997), syllabus.

> The attorney's duty is to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.] [I]n an action for legal malpractice, one must set forth expert testimony to establish an attorney's alleged malpractice or breach of duty and care, unless the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen. Furthermore, an affidavit from the acting attorney is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff.

(Alterations sic.) *Lopez v. Hulburt*, 9th Dist. Summit No. 29309, 2019-Ohio-5331, ¶ 28.

**{¶16}** Here, the record discloses that Mr. Arnoff pleaded guilty to several serious criminal charges and was not represented by Ms. Ferguson at the trial court level. Instead, Ms. Ferguson was only appointed to represent Mr. Arnoff in his direct appeal. Ms. Ferguson did represent Mr. Arnoff in his direct appeal and raised two assignments of error in the brief she filed. This Court overruled Ms. Ferguson's first assignment of error and declined to address the merits of the second assignment of error as the motion at issue was still pending in the lower court. *See State v. Arnoff*, 9th Dist. Lorain No. 19CA011475, 2020-Ohio-3520, ¶ 12, 14.

**{¶17}** While Mr. Arnoff claims that there were many issues Ms. Ferguson should have raised in the direct appeal, Mr. Arnoff's guilty plea limited the viability of those arguments. *See State v. Atkinson*, 9th Dist. Medina No. 05CA0079-M, 2006-Ohio-5806, ¶ 21 ("A defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages

of the proceedings, although the defendant may contest the constitutionality of the plea itself.")
(Internal quotes and citations omitted.); *State v. McDaniel*, 9th Dist. Sumit No. 26997, 2014-Ohio-
183, ¶ 17 (noting that by pleading guilty a defendant waives any deficiencies in the indictment);
*State v. Carroll*, 9th Dist. Lorain No. 06CA009037, 2007-Ohio-3298, ¶ 5 ("A guilty plea waives
the right to appeal issues of ineffective assistance of counsel, unless the ineffective assistance of
counsel caused the guilty plea to be involuntary."). Moreover, any challenges that Mr. Arnoff
alleges should have been raised in the direct appeal that involved evidence not within the trial court
record could not have been successful. *See State v. Papotto*, 9th Dist. Summit No. 29188, 2019-
Ohio-5405, ¶ 8 (observing that challenges involving statements and exchanges not contained in
the trial court record are not appropriate for a direct appeal).

{¶18} In the instant proceedings, Ms. Ferguson submitted the affidavit of another criminal
defense attorney who averred that there was nothing Ms. Ferguson could have done to further
prosecute Mr. Arnoff's outstanding motion to withdraw his plea within the direct appeal. Further,
the attorney maintained that "Mr. Arnoff did not suffer a manifest injustice nor [was] there any
fundamental flaw in the plea and sentencing proceedings." That attorney went on to assert that it
was his opinion there was no legal basis to justify Mr. Arnoff withdrawing his plea. In addition,
the attorney concluded that Mr. Arnoff's allegations pertaining to Ms. Ferguson's alleged
ineffective appellate representation were unfounded in light of the record that the attorney
reviewed.

{¶19} Mr. Arnoff did not submit expert testimony in response or any evidence that would
counter the evidence submitted by Ms. Ferguson. *See Lopez*, 2019-Ohio-5331, at ¶ 28.
Accordingly, Mr. Arnoff has not demonstrated that the trial court erred in granting Ms. Ferguson's
summary judgment motion. Mr. Arnoff failed to establish that the trial court erred in concluding

that Ms. Ferguson met her burden, that Mr. Arnoff failed to meet his burden, and that there were no genuine issues of material fact with respect to whether Ms. Ferguson breached her duties or caused Mr. Arnoff damage.

{¶20} Mr. Arnoff's second through fifth assignments of error are overruled.

III.

{¶21} Mr. Arnoff's assignments of error are overruled. Any outstanding motions are denied. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

BRUCE ARNOFF, pro se, Appellant.

ORVILLE L. REED, III, Attorney at Law, for Appellee.