O'CONNOR, C.J.
*1201 {¶ 1} Defendant, Steven Kraus, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Dale Crawford, a retired judge sitting by assignment, from presiding over any further proceedings in the above-captioned case. Kraus has also filed a motion to supplement his affidavit.
{¶ 2} A jury convicted Kraus on a felony-theft charge in July 2015, and Kraus appealed his conviction. However, on September 11, 2015, the Sixth District Court of Appeals stayed the appeal and remanded the case to the trial court, because Judge Crawford had not yet entered a judgment on Kraus's motion for new trial. Four months later, Kraus filed this disqualification request, arguing that an appearance of impropriety exists because Judge Crawford "appears reluctant" to journalize an entry on Kraus's motion for new trial, "after public criticism over the lack of proof" for Kraus's conviction.
{¶ 3} Judge Crawford has responded in writing to the affidavit, denying any animosity toward Kraus and explaining the delay in ruling on Kraus's motion for new trial. Specifically, Judge Crawford states that he orally overruled the motion at a sentencing hearing in August 2015, and he asked counsel to prepare an entry reflecting the sentence. Counsel, however, failed to include the judge's decision on the motion for new trial in the proposed entry, and therefore, that decision was not journalized. The oversight, according to Judge Crawford, was not brought to his attention until January 2016. The judge states that up until that point, he "was never asked by anyone, including Mr. Kraus' attorney, to journalize [his] decision denying the motion." Nevertheless, the judge has since journalized his entry denying the motion for new trial.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Crawford.
*1202 {¶ 5} First, "[t]he proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." In re Disqualification of Lewis, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Here, Judge Crawford has sufficiently explained the reason for his delay in journalizing the entry, and given that explanation, no reasonable observer would question his impartiality based merely on the oversight. Further, that Judge Crawford has since journalized the entry undercuts Kraus's theory that the judge is "reluctant" to issue the entry based on public criticism. Instead, the judge claims that he was simply not aware that his decision had not been journalized.
{¶ 6} Second, to support his claim of an appearance of impropriety, Kraus points to alleged public comments on a local newspaper's website that openly questioned the integrity of the underlying proceeding. However, public comments suggesting judicial bias on a newspaper's website are *985 not competent sources on which to base an affidavit of disqualification, and they do not act as a barometer of the reasonable-person standard. See In re Disqualification of McKay, 135 Ohio St.3d 1286, 2013-Ohio-1461, 986 N.E.2d 1007, ¶ 10 ("In general, media reports or editorials suggesting judicial bias, standing alone, are not competent sources on which to base an affidavit of disqualification * * * ").
{¶ 7} Finally, Kraus also claims that an appearance of impropriety exists because one of Judge Crawford's comments at the sentencing hearing shows that the prosecution did not prove each element of the theft charge. This issue, however, goes to the sufficiency of the evidence-not judicial bias. "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will * * * toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge * * *.' " In re Disqualification of O'Neill, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Kraus has not established that Judge Crawford's sentencing comment shows that he has hostility toward Kraus combined with a fixed anticipatory judgment. Kraus may argue insufficiency of the evidence on appeal, but that is not an issue to be decided in a disqualification request.
{¶ 8} The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 9} The affidavit of disqualification is therefore denied. The case may proceed before Judge Crawford.
*1203 {¶ 10} Additionally, Kraus's motion to supplement is denied, as he has failed to establish how supplementing the record with transcripts from the sentencing hearing will establish bias or prejudice.