O'Connor, C.J.
*1256 {¶ 1} Defendant, Steven Kraus, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Dale Crawford, a retired judge sitting by assignment, from presiding over any further proceedings in the above-captioned case. This is the second affidavit of disqualification that Mr. Kraus has filed against Judge Crawford in the underlying matter. His first affidavit was denied in an entry dated January 29, 2016. In re Disqualification of Crawford , 152 Ohio St.3d 1201, 2016-Ohio-3098, 93 N.E.3d 984.
Background
{¶ 2} In July 2015, a jury convicted Mr. Kraus-who was, at the time, a member of the Ohio House of Representatives-of theft from an elderly person. In December 2016, the Sixth District Court of Appeals affirmed his conviction. State v. Kraus , 2016-Ohio-8003, 74 N.E.3d 880 (6th Dist.). In early 2017, Mr. Kraus filed a motion for new trial, a petition to vacate his conviction, and several amendments to the petition. In his filings, Mr. Kraus argues, based on newly discovered e-mails from the Ottawa County prosecuting attorney's office, that the state of Ohio failed to turn over evidence that he could have used for a selective-prosecution defense. For example, Mr. Kraus asserts that a recently released e-mail shows that although the Ottawa County prosecuting attorney had purportedly recused himself from Mr. Kraus's criminal investigation, the prosecutor communicated with Chris Redfern, who was Mr. Kraus's 2014 election opponent, about the investigation before Mr. Kraus was indicted. In Mr. Kraus's words, his recent filings contain "strong evidence of interference with criminal proceedings for political purposes." Mr. Kraus also asserts that he submitted "evidence of a close social relationship" between Mr. Redfern and Judge Crawford that predates Mr. Kraus's conviction.
{¶ 3} Mr. Kraus mailed copies of his recent filings to Judge Crawford's residence. The judge, however, refused to accept the filings, and they were *1257 returned to Mr. Kraus by the U.S. Postal Service. Mr. Kraus then filed this affidavit of disqualification, arguing that the judge's refusal to accept his filings and the judge's delay in addressing the merits of those filings demonstrate bias and prejudice. Mr. Kraus also argues that Judge Crawford's close relationship with Mr. Redfern is "highly prejudicial" and requires the judge's disqualification.
{¶ 4} Judge Crawford has responded in writing to the affidavit. According to the judge, he routinely refuses to accept mail from pro se litigants at his home, and he has not yet ruled on any of Mr. Kraus's recent filings because he was not aware of them-neither the staff of the Ottawa County Common Pleas Court nor the county clerk of court's office had forwarded them to him. Regarding his relationship with Mr. Redfern, Judge Crawford states that he had met Mr. Redfern only a few *278 times before Mr. Kraus's trial but he admits that he has "been in the same company" with Mr. Redfern "numerous times" since the trial. He also states that they have never discussed Mr. Kraus's case.
Merits of the affidavit of disqualification
{¶ 5} The allegations in Mr. Kraus's affidavit do not support a finding that Judge Crawford could not fairly and impartially decide the pending matters. For example, the fact that Judge Crawford refused a litigant's mail sent to his home address is not evidence that the judge is biased or prejudiced, and Judge Crawford has sufficiently explained why he has not yet acted on Mr. Kraus's recent filings. As a retired visiting judge, he depends on the local clerk of courts and local court staff to forward him filings in a case, and there was an apparent breakdown here in communication between the local court and Judge Crawford. Indeed, in response to both of Mr. Kraus's affidavits of disqualification, Judge Crawford indicated that filings or an appellate-court ruling were not timely brought to his attention. Local clerks and courts are reminded to implement procedures and provide support staff "to enable the assigned judge to execute the responsibilities of the assignment properly and expeditiously." Guidelines for Assignment of Judges 5.3(B).
{¶ 6} Nevertheless, even in cases in which no evidence of actual bias or prejudice is apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety or when the public's confidence in the integrity of the judicial system is at issue. See In re Disqualification of Saffold , 134 Ohio St.3d 1204, 2010-Ohio-6723, 981 N.E.2d 869, ¶ 6 ; In re Disqualification of Murphy , 110 Ohio St.3d 1206, 2005-Ohio-7148, 850 N.E.2d 712, ¶ 6 ("An appearance of bias can be just as damaging to public confidence as actual bias").
{¶ 7} Here, Mr. Kraus describes his recent filings as setting forth serious allegations of possible collusive activities for political purposes by the Ottawa County prosecuting attorney, the special prosecutor ultimately assigned to the underlying case, and Chris Redfern. Judge Crawford admits that since Mr. *1258 Kraus's criminal trial, he has socialized with Mr. Redfern and his wife "numerous times," that a person with whom the judge shares his boat is a "close personal friend" of Mr. Redfern, and that Mr. Redfern has been on the judge's boat. Given Judge Crawford's recent familiarity with Mr. Redfern and given the current allegations involving Mr. Redfern, an objective observer might question the ability of Judge Crawford to impartially decide Mr. Kraus's pending matters. See In re Disqualification of Lewis, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (explaining that an appearance of impropriety exists "if a reasonable and objective observer would harbor serious doubts about the judge's impartiality"). Further, considering that Mr. Kraus's current allegations involve public officials and the integrity of the judicial process, it is best that a visiting judge with no personal connections to the parties or related individuals presides over the pending posttrial issues.
{¶ 8} Therefore, to allay any concerns about the fairness and integrity of the proceedings and to ensure the parties and the public the unquestioned neutrality of an impartial judge, Judge Crawford will no longer participate in this case. Reassignment of this case to a different visiting judge does not imply that Judge Crawford committed any misconduct or that he should not have presided over Mr. Kraus's trial. Indeed, nothing about this decision should be interpreted as supporting Mr. Kraus's current allegations in the underlying case. Rather, this court long ago noted *279 that " '[n]ext in importance to the duty of rendering a righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness or integrity of the judge.' " State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 471, 132 N.E.2d 191 (1956), quoting Haslam v. Morrison , 113 Utah 14, 20, 190 P.2d 520 (1948). Consistent with that principle, Mr. Kraus's affidavit of disqualification is granted. The assignment of a visiting judge to preside over the remaining matters in this case will be addressed in a separate entry.