[Cite as *King v. Divoky*, 2021-Ohio-1712.]

STATE OF OHIO      )             IN THE COURT OF APPEALS
                        )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

DERRICK MARTIN KING           C.A. No.     29769

     Appellant

     v.                             APPEAL FROM JUDGMENT
                                  ENTERED IN THE
PATRICIA DIVOKY, et al.        COURT OF COMMON PLEAS
                                  COUNTY OF SUMMIT, OHIO
     Appellees             CASE No.    CV-2017-08-3304

DECISION AND JOURNAL ENTRY

Dated: May 19, 2021

CALLAHAN, Judge.

{¶1}    Appellant, Derrick King, pro se, appeals from the judgment of the Summit County Court of Common Pleas dismissing his complaint. For the reasons set forth below, this Court affirms.

I.

{¶2}    This is the second appeal of this matter. This Court previously set forth the factual and procedural background as follows:

> Mr. King was receiving benefits from the Disability Financial Assistance program at the time the General Assembly ended the program. After the Summit County Department of Job and Family Services notified Mr. King that his benefits would be ending, Mr. King filed a declaratory judgment action against its director, Patricia Divoky, and the director of the Ohio Department of Job and Family Services, Cynthia Dungey, seeking a declaration that the repeal of the program violated his federal due process rights, his state and federal equal protection rights, and his right to safety under the Ohio Constitution. He also sought to enjoin the directors from terminating his benefits.
>
> The directors moved to dismiss Mr. King's complaint under [Civ.R.] 12(B)(6), arguing that he had failed to state a claim upon which relief could be granted. They

also opposed his request for injunctive relief. Mr. King opposed their motions, but the trial court dismissed his complaint * * * [and] denied Mr. King's motion for a temporary restraining order and preliminary injunction.

*King v. Divoky*, 9th Dist. Summit No. 28441, 2018-Ohio-2280, ¶ 2-3 ("*King I*"). In *King I*, this Court reversed the trial court's dismissal of Mr. King's declaratory judgment action because the trial court reviewed his complaint under the wrong standard for a motion to dismiss a declaratory judgment action for failure to state a claim and the error was not harmless. *Id.* at ¶ 1, 5-6. The matter was remanded for further proceedings consistent with the decision in *King I*. *Id*. at ¶ 7.

{¶3} On remand, the director of the Ohio Department of Job and Family Services ("ODJFS") filed a supplement to the motion to dismiss and a motion to stay discovery pending the trial court's ruling on the motion to dismiss and the supplement. Mr. King opposed both motions on the basis that there was no motion to dismiss pending after the remand. The trial court granted the motion to stay discovery.

{¶4} Mr. King filed several motions, including a motion for leave to amend his complaint, a motion for a pretrial, a motion for restraining order and preliminary injunction, a motion for summary judgment, and a motion to disqualify counsel for the director of the ODJFS. The directors of the ODJFS and the Summit County Department of Job and Family Services ("SCDJFS") opposed all of Mr. King's motions, with the exception of the motion for a pretrial.

{¶5} While the above motions were pending, Mr. King filed a motion to stay the proceedings and to place the case on the inactive docket pending the resolution of his appeal in a separate, but related, administrative appeal concerning the termination of his benefits. The trial court granted the motion and the case was stayed for approximately sixteen months.

{¶6} After the Ohio Supreme Court declined to accept jurisdiction over Mr. King's related administrative appeal, Mr. King filed a motion to return the case to the active docket and

to withdraw his previously filed motion for leave to amend his complaint, motion for temporary restraining order and preliminary injunction, and motion for summary judgment. Contemporaneous with this motion, Mr. King filed his first amended complaint without leave of court. The directors of the ODJFS and the SCDJFS moved to strike and/or dismiss Mr. King's first amended complaint.

{¶7} The trial court reinstated the case to the active docket, struck Mr. King's first amended complaint, and ordered Mr. King to clarify which of his previous motions he sought to withdraw in light of the court's ruling striking his first amended complaint. After Mr. King confirmed that he wanted to withdraw his motion for leave to amend his complaint, motion for temporary restraining order and preliminary injunction, and motion for summary judgment, the trial court ordered the same motions withdrawn. Additionally, the trial court denied Mr. King's motion for a pretrial and deemed that the director of the ODJFS's supplemental motion to dismiss was submitted.

{¶8} Following those rulings, Mr. King moved the trial court judge to recuse herself from the matter. The motion was denied. The trial court then granted the motions to dismiss filed by both directors and the supplemental motion to dismiss filed by the director of the ODJFS and denied Mr. King's motion for temporary restraining order and preliminary injunction.

{¶9} Mr. King filed this appeal. His five assignments of error are rearranged for ease of discussion.

II.

**ASSIGNMENT OF ERROR NO. 4**

THE TRIAL COURT ERRED BY GRANTING THE "SUPPLEMENTAL" MOTION TO DISMISS.

{¶10} In his fourth assignment of error, Mr. King argues that the trial court erred when it granted the motions to dismiss and the supplement to the motion to dismiss.[1] We disagree.

{¶11} Following this Court's remand in *King I*, the trial court granted the directors' motions to dismiss and the director of the ODJFS's supplement to the motion to dismiss on the basis that Mr. King's complaint for a declaratory judgment action "present[ed] no real, actual, or justiciable controversy[]" and thereby Mr. King had failed to state a claim upon which relief could be granted. Mr. King states that the trial court's judgment should be reversed because "he presented ample evidence that he would have succeeded on both the declaratory judgment proceeding and on the civil rights action." This is the entirety of Mr. King's argument.

{¶12} While Mr. King presented a discussion and case law regarding the standard of review to be applied by this Court when reviewing a judgment based upon Civ.R. 12(B)(6) and the dismissal of a declaratory judgment action, Mr. King has not developed an argument that the trial court erred in dismissing his complaint for failure to state a claim upon which relief could be granted because the complaint "present[ed] no real, actual, or justiciable controversy." *See* App.R. 16(A)(7). Nor has Mr. King cited any legal authority in support of his contention. *See id.*

{¶13} "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5, citing App.R. 16(A)(7). Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists. *See*

---

[1] While Mr. King's stated assignment of error only identifies the "'supplemental' motion to dismiss," his argument also makes reference to the motions to dismiss. Moreover, the trial court granted the motions to dismiss filed by the directors of the ODJFS and the SCDJFS and the supplement to the motion to dismiss filed by the director of the ODJFS. Accordingly, we will consider both of the motions to dismiss and the supplement to the motion to dismiss in reviewing this assignment of error.

*Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Because Mr. King has failed to develop an argument and support his position in any way, he has not met his burden of demonstrating error on appeal regarding the trial court's judgment dismissing his complaint for failure to state a claim. *See Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶ 14. Accordingly, we decline to address this portion of Mr. King's assignment of error. *See* App.R. 12(A)(2); App.R. 16(A)(7).

{¶14} Mr. King also claims that the trial court did not have jurisdiction to enter a dismissal because "there was no proper motion to dismiss * * * pending before the trial court[]" following the remand in *King I*. Mr. King's position is misplaced as the record reflects otherwise.

{¶15} "Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982), citing *Commrs. of Montgomery Cty. v. Carey*, 1 Ohio St. 463 (1853), paragraph one of the syllabus. In *King I*, this Court reversed the judgment dismissing Mr. King's complaint for failure to state a claim and remanded the matter for "further proceedings consistent with this decision." *King*, 2018-Ohio-2280, at ¶ 1, 7. The error in *King I* occurred in the trial court's decision-making process where, in ruling on the directors' motions to dismiss for failure to state a claim, the trial court applied the wrong standard to Mr. King's complaint for declaratory judgment. *Id*. at ¶ 5. Thus, on remand the trial court was required to consider anew the directors' motions to dismiss using the correct standard. *See generally Circuit Solutions, Inc. v. Mueller Elec. Co.*, 9th Dist. Lorain No. 07CA009139, 2008-Ohio-3048, ¶ 5, citing *Circuit Solutions, Inc. v. Mueller Elec. Co.*, 9th Dist. Lorain No. 05CA008775, 2006-Ohio-4321 (This Court recognized that the prior appeal remanded the matter to the trial court to apply the correct standard. The language of the mandate in the earlier appeal stated "the cause is remanded for further proceedings consistent with this

decision."). Accordingly, the directors' motions to dismiss were pending upon remand, and the trial court had jurisdiction to rule on the directors' motions to dismiss. Mr. King's claim to the contrary is not well-taken.

{¶16} Mr. King's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY FAILING TO ALLOW DISCOVERY TO PROCEED FOLLOWING THIS COURT'S REVERSAL OF THE INITIAL MOTION TO DISMISS THE COMPLAINT.

{¶17} In his second assignment of error, Mr. King argues that the trial court erred when it granted a stay of discovery upon remand. We disagree.

{¶18} We review a trial court's resolution of discovery matters, including an order to stay discovery pending the resolution of a dispositive motion, under an abuse of discretion standard. *See State ex rel. DeWine v. Helms*, 9th Dist. Summit No. 28304, 2017-Ohio-7148, ¶ 13, quoting *Thomson v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. Franklin No. 09AP-782, 2010-Ohio-416, ¶ 32. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶19} Mr. King argues that "[o]nce this Court reversed the motion to dismiss the complaint, the trial court had a clear duty to allow discovery to take place before entertaining dispositive motions." In support of his argument, Mr. King cites to Civ.R. 26(B)(1) for the proposition that "a party may obtain discovery regarding any unprivileged matter concerning the pending litigation[]" and references the trial court's broad discretion in discovery matters. While

both of these propositions are correct, neither support Mr. King's contention that the trial court had a "clear duty" to allow discovery before ruling on the Civ.R. 12(B)(6) motions to dismiss.

{¶20} The Ohio Supreme Court has held that a trial court's handling of discovery practices is not a ministerial duty, but rather a discretionary power. *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592 (1996), quoting *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57 (1973). "A trial court has the inherent authority to control its docket and to decide discovery matters." *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 16CA010932, 2017-Ohio-5835, ¶ 5. Included in this inherent authority over discovery matters is the "discretion to stay discovery pending the resolution of motions that [are] potentially dispositive of the matter[.]" *Id.* at ¶ 6. *See Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, ¶ 10 (2d Dist.); *Thomson* at ¶ 32-33.

{¶21} The purpose of a discovery stay during the pendency of a dispositive motion is to avoid the unnecessary expense and burden of discovery should the dispositive motion be granted. *See White v. Cent. Ohio Gaming Ventures, LLC*, 10th Dist. Franklin No. 18AP-780, 2019-Ohio-1078, ¶ 15; *Watley v. Wilkinson*, 10th Dist. Franklin No. 03AP-1039, 2004-Ohio-5062, ¶ 18. Moreover, appellate courts in Ohio have concluded that discovery is unnecessary for a trial court to decide a motion to dismiss for failure to state a claim upon which relief can be granted. *Wiles v. Miller*, 10th Dist. Franklin No. 12AP-989, 2013-Ohio-3625, ¶ 3, 44, quoting *Lindow v. N. Royalton*, 104 Ohio App.3d 152, 159 (8th Dist.1995). "The completion of discovery is not relevant to the granting of a motion to dismiss[,]" because the trial court's consideration of a motion to dismiss under Civ.R. 12(B)(6) is limited to the allegations and evidence contained in the complaint and precludes facts outside of the complaint. *Lindow* at 159; *Crane Serv. & Inspections, LLC v. Cincinnati Specialty Underwriters Ins. Co.*, 12th Dist. Butler No. CA2018-01-003, 2018-Ohio-3622, ¶ 33, citing *Lindow* at 159.

{¶22} Mr. King has failed to demonstrate how the trial court's order to stay discovery in this matter was an abuse of discretion. To the extent Mr. King contends that there was no motion to dismiss pending upon remand, we have already found that position to be misplaced.

{¶23} In light of the foregoing, we conclude that the trial court did not abuse its discretion when, after the remand, it granted the requested stay of discovery pending the resolution of the director of the ODJFS's motion to dismiss and the supplement. *See Grover*, 170 Ohio App.3d 188, 2006-Ohio-6115, at ¶ 10; *Thomson*, 2010-Ohio-416, at ¶ 32-33. Mr. King's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY FAILING TO SET THE MATTER FOR A PRETRIAL HEARING UNDER CIV.R. 16 AND SUMMIT CO. LOC. R. 8.01 ONCE THIS COURT REVERSED AND REINSTATED THE CASE.

{¶24} In his first assignment of error, Mr. King argues that the trial court abused its discretion and violated his due process rights by not holding a pretrial after the case was remanded to the trial court. We disagree.

{¶25} Under the Ohio Rules of Civil Procedure, trial courts have broad discretion in setting and holding pretrials. *Proctor v. King*, 5th Dist. Licking No. 2007CA00133, 2008-Ohio-5413, ¶ 33. *See also* Civ.R. 16. Courts may also establish their own local court rule governing pretrial procedure, whether it be mandatory, discretionary, or upon request of a party. 3 Ohio Jurisprudence Pleading and Practice Forms, Mandatory or Discretionary Nature of Pretrial Conference, Section 21:2 (2020). We review a trial court's enforcement and application of its local procedural rules for an abuse discretion. *See Yanik v. Yanik*, 9th Dist. Summit No. 21406, 2003-Ohio-4155, ¶ 9; *Michaels v. Michaels*, 9th Dist. Medina No. 07CA0058-M, 2008-Ohio-2251, ¶ 13.

{¶26} Additionally, a trial court possesses the "inherent authority to control its own docket and manage the cases before it." *Holsopple v. Holsopple*, 9th Dist. Summit No. 29441, 2020-Ohio-1210, ¶ 18. *See State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, ¶ 23. This Court reviews a trial court's orders regarding docket and case management for an abuse of discretion. *See MBNA Am. Bank, N.A. v. Bailey*, 9th Dist. Summit No. 22912, 2006-Ohio-1550, ¶ 10. *See also Holsopple* at ¶ 18. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke*, 2015-Ohio-2507, at ¶ 8, quoting *Tretola*, 2015-Ohio-1999, at ¶ 25.

{¶27} Mr. King suggests that the trial court was required to hold a pretrial. In Ohio, pretrial procedure in civil matters is governed by Civ.R. 16[2] which provides that a trial court "may schedule one or more conferences before trial to accomplish" a variety of objectives set forth therein. With regard to civil matters in the Summit County Common Pleas Court, General Division, Loc.R. 8.01(A) sets forth the following pretrial procedure applicable in the local courts:

> A pretrial conference shall be held in every civil case filed, unless: (1) the assigned judge enters an order dispensing with said conference; or (2) said judge permits an agreed statement of counsel in lieu of said pretrial conference. Upon entry of such order or agreed statement dispensing with the pretrial conference, provision shall be made for scheduling the case for trial.

While Loc.R. 8.01(A) uses the term "shall" in reference to holding a pretrial conference, the rule also contains exceptions to holding a pretrial. *See generally State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, ¶ 34. Accordingly, Loc.R. 8.01(A)

---

[2] Effective July 1, 2020, Civ.R. 16 was "amended to bring the Ohio rule closer to the federal rule, while still allowing for Ohio courts to decide whether to hold a scheduling conference." 2020 Staff Note, Civ.R. 16 (Noting that the prior version of Civ.R. 16 and the current version of Civ.R. 16 both "provide[] that holding a scheduling conference is permissive, not mandatory."). This amendment took effect after the trial court denied Mr. King's motion for a pretrial and granted the directors' motions to dismiss. Accordingly, we will reference the previous version of Civ.R. 16 in effect at the time this matter was pending before the trial court.

does not require a pretrial in every civil case in the Summit County Common Pleas Court, General Division.

{¶28} One month after the matter was remanded to the trial court, Mr. King filed a motion for a pretrial. The trial court entered an order denying Mr. King's motion for a pretrial on the grounds that it had the "inherent power to control its own docket and the progress of the proceedings before it." In the same order, the trial court recognized that the director of the ODJFS's "pending supplemental motion to dismiss * * * [was] submitted." Two weeks later, the trial court granted the directors' pending motions to dismiss and the director of the ODJFS's supplement to the motion to dismiss.

{¶29} By denying Mr. King's motion for a pretrial, the trial court entered an order dispensing with the pretrial conference pursuant to Loc.R. 8.01(A)(1). Moreover, it became unnecessary to schedule the case for trial as the trial court granted the pending motions to dismiss. Based upon the trial court's application of Loc.R. 8.01(A), a pretrial was not required in this matter and the trial court did not abuse its discretion in applying Loc.R. 8.01(A) and not holding a pretrial.

{¶30} Mr. King also suggests that the trial court abused its discretion in not holding a pretrial because there was a "heightened need" for a pretrial following "this Court's reversal of the trial court's judgment dismissing the case[.]" Mr. King again fails to acknowledge the pending motions to dismiss following the remand in *King I* and the trial court's order staying discovery pending the resolution of the motions to dismiss. We have previously concluded in the fourth assignment of error that Mr. King's contention regarding the absence of any motions to dismiss is contrary to the record. Further, in the second assignment of error we affirmed the propriety of the trial court's order staying discovery pending the resolution of the motions to dismiss.

{¶31} Lastly, Mr. King argues that he was denied due process by the trial court's denial of his request for a pretrial. In support of this argument, Mr. King quotes a passage from the American Bar Association's website discussing pretrial conferences that generally states that pretrial conferences help judges to manage cases by establishing time frames for concluding all pretrial activities and to set tentative trial dates. The quoted passage, however, does not address a litigant's due process right to a pretrial.

{¶32} Mr. King fails to cite any other legal authority supporting this proposition. *See* App.R. 16(A)(7). Additionally, Mr. King has not developed a due process argument, and this Court cannot construct one on his behalf. *See Alonso v. Thomas*, 9th Dist. Lorain No. 19CA011483, 2021-Ohio-341, ¶ 67, fn. 7, citing *Cardone*, 1998 WL 224934, at *8. Because Mr. King fails to offer any argument and legal authority to support a due process violation, we decline to address this portion of his assignment of error. *See* App.R. 12(A)(2); App.R. 16(A)(7).

{¶33} Upon review of the docket and the motions in this matter, we cannot conclude that the trial court abused its discretion by not holding a pretrial after the case was remanded to the trial court. Considering the existing discovery stay and the potentially dispositive nature of the pending motions to dismiss, it was reasonable for the trial court to decline to hold a pretrial for the purposes of discussing discovery related to summary judgment motions and other disputes between the parties. The trial court's decision to dispense with the pretrial and to proceed to rule on the pending motions to dismiss was a valid exercise of its "inherent power to control its own docket and the progress of the proceedings in its court." *See Business Data Sys., Inc. v. Gourmet Cafe Corp.*, 9th Dist. Summit No. 23808, 2008-Ohio-409, ¶ 21.

{¶34} Mr. King's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ERRED IN GRANTING THE MOTION TO STRIKE THE AMENDED COMPLAINT.

{¶35} In his third assignment of error, Mr. King argues that it was error for the trial court to strike his amended complaint. We disagree.

{¶36} Mr. King claims that the trial court ignored this Court's holding in *King v. Semi Valley Sound, LLC*, 9th Dist. Summit No. 25655, 2011-Ohio-3567, when it relied upon the filing of the directors' motions to dismiss to limit his right to amend his complaint without leave of court. Mr. King only challenges the trial court's failure to follow the holding in *King v. Semi Valley Sound, LLC*. We will limit our review accordingly.

{¶37} In *King v. Semi Valley Sound, LLC*, this Court concluded that the version of Civ.R. 15(A) in effect at that time did not require the plaintiff to obtain leave of court to file an amended complaint when the defendants had not filed answers, but instead filed motions to dismiss. *Id*. at ¶ 6. Mr. King argues that the holding in *King v. Semi Valley Sound, LLC* applies to this matter and, because that decision has not been overruled, the doctrine of stare decisis requires the reversal of the trial court's order striking his first amended complaint. Mr. King's argument is misplaced because *King v. Semi Valley Sound, LLC* has been superseded by the 2013 amendment to Civ.R. 15(A).

{¶38} The prior version of Civ.R. 15(A) applicable in *King v. Semi Valley Sound, LLC* provided as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for

response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

The earlier version of Civ.R. 15(A) did not preclude a plaintiff from filing an amended complaint as a matter of course when the defendants had filed a motion to dismiss in lieu of an answer. *See King* at ¶ 6. *See also Boylen v. Ohio Dept. of Rehab. and Corr.*, 182 Ohio App.3d 265, 2009-Ohio-1953, ¶ 43 (5th Dist.).

{¶39} The 2013 amendment to Civ.R. 15(A), however, changed the parameters and created limitations regarding "amendment without leave of court of a complaint, or other pleading requiring a responsive pleading[.]" *See* 2013 Staff Note, Civ.R. 15. The July 1, 2013 amendment, which applies in this matter, rewrote Civ.R. 15(A) as follows:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

Thus, as a matter of course, the current version of Civ.R. 15(A) allows a plaintiff to amend a complaint either "within (1) 28 days of service of the complaint, or (2) the earlier of 28 days of service of (a) a responsive pleading or (b) a motion to dismiss, to strike, or for a more definite statement." *Hunter v. Rhino Shield*, 10th Dist. Franklin No. 18AP-244, 2019-Ohio-1422, ¶ 13, citing 2013 Staff Note, Civ.R. 15. Following the expiration of the applicable 28-day period, a plaintiff must obtain either leave from the trial court or written consent from the opposing party before filing an amending complaint. *See Hunter* at ¶ 13; Civ.R. 15(A). These changes to Civ.R. 15(A) have been recognized and applied by other Ohio appellate courts. *See, e.g., Martin v. Block*

*Communications, Inc.*, 6th Dist. Lucas No. L-16-1213, 2017-Ohio-1474, ¶ 17-19; *Shaw v. Access Ohio*, 2d Dist. Montgomery No. 27638, 2018-Ohio-2969, ¶ 36-37.

{¶40} In this matter, the directors filed motions to dismiss in response to Mr. King's complaint. Relying upon the current version of Civ.R. 15(A) and taking into consideration the filing of the motions to dismiss, the trial court struck Mr. King's first amended complaint because he filed it after the applicable 28-day period provided for in Civ.R. 15(A).

{¶41} Because *King v. Semi Valley Sound, LLC* has been superseded by the 2013 amendment to Civ.R. 15(A), we cannot conclude that the trial court erred when it applied the current version of Civ.R. 15(A) and declined to apply the holding in *King v. Semi Valley Sound, LLC* to determine Mr. King's right to amend his complaint without leave of court. For these reasons, the trial court did not err in granting the directors' motions to strike Mr. King's first amended complaint. Mr. King's third assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 5**

THE TRIAL COURT ERRED BY FAILING TO RECUSE ITSELF FROM THE CASE.

{¶42} In his fifth assignment of error, Mr. King argues that because the trial judge was biased and unfair, his due process rights were violated when the trial judge refused to recuse herself in this matter. We disagree.

{¶43} As a threshold issue, the parties dispute whether this Court has jurisdiction to address Mr. King's judicial bias claim. In resolving this jurisdictional question, we recognize that "[t]he term 'judicial bias' has developed two related but independent meanings" which has resulted in confusion regarding an appellate court's jurisdiction over judicial bias claims. *See State v. Loudermilk*, 1st Dist. Hamilton No. C-160487, 2017-Ohio-7378, ¶ 17. One meaning of judicial bias "relates to the formal process used to remove a judge from hearing a case because the judge

has an interest in the matter or is prejudiced in favor of one party[,]" while the other type of judicial bias "occurs when a judge's conduct in overseeing a case prevents a party from receiving a fair trial." *Id.*

{¶44} A party may seek to disqualify a judge who is allegedly prejudiced and biased by filing an affidavit of disqualification with the Ohio Supreme Court in accordance with R.C. 2701.03. *See Shih v. Byron*, 9th Dist. Summit No. 25319, 2011-Ohio-2766, ¶ 24, quoting *State v. Ramos*, 88 Ohio App.3d 394, 398 (9th Dist.1993). With regard to this type of judicial bias claim, the Ohio Supreme Court has held that the Ohio Constitution, Article IV, Section 5(C) "vests exclusive authority to pass on disqualification matters in the chief justice or her designee." *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, ¶ 62, citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). *See Shih* at ¶ 24. Thus, an appellate court lacks the "authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Beer* at 441-442. *Accord Wilburn v. Wilburn*, 169 Ohio App.3d 415, 2006-Ohio-5820, ¶ 10 (9th Dist.). For the same reasons, an appellate court also lacks jurisdiction to review a trial court's decision on a motion to recuse. *State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, ¶ 2; *State v. Chapman*, 9th Dist. Lorain No. 11CA009973, 2012-Ohio-640, ¶ 6; *State v. Carter*, 1st Dist. Hamilton No. C-170655, 2019-Ohio-1749, ¶ 22. This Court has no authority to review this type of judicial bias claim alleged by Mr. King.

{¶45} Appellate courts, however, have "jurisdiction to review a claim of judicial bias that is alleged to result in a violation of a [party's] due process rights." *See Loudermilk* at ¶ 20. *See Volpe v. Heather Knoll Retirement Village*, 9th Dist. Summit No. 26215, 2012-Ohio-5404, ¶ 22 (Carr, J., concurring in judgment only); *Dennie v. Hurst Constr., Inc.*, 9th Dist. Lorain No. 06CA009055, 2008-Ohio-6350, ¶ 16, fn. 1. "A fair trial in a fair tribunal is a basic requirement of

due process[]" and the due process right of an impartial and disinterested tribunal applies to civil and criminal cases alike. *In re Murchinson*, 349 U.S. 133, 136 (1955); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980).

{¶46} Mr. King has framed part of his judicial bias claim in the context of a due process violation. Mr. King claims that the trial court's judgment should be reversed because the trial judge is in "clear violation of the Ohio Rules of Judicial Conduct" and his due process rights were violated when the trial judge failed to recuse herself from this case. Mr. King states that the "Due Process Clause guarantees litigants a right to have their cases heard and decided by fair and impartial judges."

{¶47} Judicial bias is demonstrated by "'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and [the] facts.'" *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 33, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5.

{¶48} We note that disagreement with a judge's ruling on legal issues and the management of the case are not evidence of bias or prejudice, but rather issues subject to appeal. *See In re Disqualification of McKay*, 135 Ohio St.3d 1286, 2013-Ohio-1461, ¶ 8; *In re Disqualification of Sutula*, 105 Ohio St.3d 1237, 2004-Ohio-7351, ¶ 4. Nor is disagreement with the outcome of the case proof of bias to demonstrate a due process violation. *See Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 76. And a reversal of the trial

judge's decision by the court of appeals does not infer that the trial judge was biased against that party on remand. *In re Disqualification of Floyd*, 135 Ohio St.3d 1249, 2012-Ohio-6336, ¶ 10.

**{¶49}** Mr. King has failed to provide any citations to the record identifying the trial judge's display of "a hostile feeling or spirit of ill will" toward him or "the formation of a fixed anticipatory judgment" against him. *See State ex rel. Pratt* at paragraph four of the syllabus; App.R. 16(A)(7). Rather, Mr. King only claims that the trial judge was in violation of Jud.Cond.R. 2.2 and 2.11. "A bare allegation of bias does not state a claim of a violation of due process." *Ramsey* at ¶ 72.

**{¶50}** Additionally, Mr. King has failed to develop any argument in this regard. *See* App.R. 16(A)(7). Mr. King has only made a conclusory statement in a subheading that his "Due Process rights were violated by [the trial judge] when she failed to recuse herself[.]" As this Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone*, 1998 WL 224934, at *8. Because Mr. King fails to offer any argument and citation to the record to support his position that the trial judge's bias deprived him of his due process rights, we decline to address this portion of his assignment of error. *See* App.R. 12(A)(2); App.R. 16(A)(7).

**{¶51}** Mr. King's fifth assignment of error is overruled.

III.

**{¶52}** Mr. King's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

DERRICK MARTIN KING, pro se, Appellant.

DAVE YOST, Attorney General, and THERESA R. DIRISAMER, Assistant Attorney General, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN M. SIMS, Assistant Prosecuting Attorney, for Appellee.