[Cite as *State v. Gilcreast*, 2022-Ohio-3463.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

KEITH L. GILCREAST

    Appellant

C.A. No.     30112

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 02 11 3315(B)

DECISION AND JOURNAL ENTRY

Dated: September 30, 2022

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Keith L. Gilcreast, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    This Court previously set forth the underlying facts and procedural history of this case as follows:

> A jury found Mr. Gilcreast guilty of felony murder along with a slew of other felonies and misdemeanors, and the trial court ultimately sentenced him to 46 years to life in prison.  On appeal, this Court affirmed in part, but recognized that the trial court had not made the appropriate statutory findings necessary for consecutive sentences under R.C. 2929.14(E)(4), and thus reversed in part and remanded the matter back to the trial court for resentencing.  *See State v. Gilcreast*, 9th Dist. Summit No. 21533, 2003-Ohio-7177, ¶ 66-67.
>
> Upon remand, the trial court held a hearing and listed its findings for consecutive sentences on the record, pursuant to R.C. 2929.14(E)(4).  Mr. Gilcreast appealed from the court's journal entry, but this Court dismissed the appeal for want of jurisdiction.  *See State v. Gilcreast*, 9th Dist. Summit No. 22207 (Mar. 7, 2005).  Although the trial court's order listed its findings for consecutive sentences, it was not a final, appealable order because the court failed to impose a sentence.  *See id.*

More than a decade later, Mr. Gilcreast filed a motion to "revise/correct" the trial court's entry, which the trial court denied. He appealed the court's decision, and this Court affirmed. *See State v. Gilcreast*, 9th Dist. Summit No. 27804, 2015-Ohio-4745.

Mr. Gilcreast filed additional motions in the trial court, including a motion for resentencing, in which he argued that he was improperly notified of the consequences of violating post-release control and that his sentencing entry did not comply with the Supreme Court of Ohio's decision in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927. The State agreed, and the trial court scheduled a hearing to properly inform Mr. Gilcreast of post-release control. *See* R.C. 2929.191(C). Mr. Gilcreast remained in prison, but he attended the hearing via video conferencing equipment. After speaking to two different attorneys, he elected to proceed pro se, and the trial court notified him of post-release control while standby counsel remained present in the courtroom.

*State v. Gilcreast*, 9th Dist. Summit No. 29347, 2020-Ohio-1207, ¶ 2-4. Mr. Gilcreast appealed from the trial court's entry informing him of post-release control. In a decision issued on March 31, 2020, this Court affirmed, but remanded the matter back to the trial court to: (1) vacate the post-release control term it imposed for count 2, felonious assault; and (2) correct its entry to properly reflect that it was issued nunc pro tunc. *Id.* at ¶ 5, 30-38. The trial court issued a journal entry on April 27, 2021, to comply with this Court's mandate. More than four months later, Mr. Gilcreast retained counsel and filed a motion to file a delayed appeal, which this Court granted. During the pendency of the appeal, he also filed a motion in the trial court to correct a void sentence, which was denied.

{¶3} Mr. Gilcreast now appeals from the trial court's April 27, 2021, judgment entry and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE APPELLATE COURT, IN VIOLATION OF [APP.R. 30], AS WELL AS THE TRIAL COURT[,] ERRED BY FAILING TO MAIL A NOTICE OF THE JOURNAL ENTRY, DATED MARCH 31, 2020[,] AND THE JOURNAL ENTRY, DATED APRIL 27, 2021, RESPECTIVELY, TO DEFENDANT-APPELLANT.

**{¶4}** In his sole assignment of error, Mr. Gilcreast argues that his due process rights were violated because he never received notice of our March 31, 2020, decision in *Gilcreast*, 2020-Ohio-1207, or of the trial court's April 27, 2021, judgment entry, despite the clerk of court's duties under App.R. 30.

**{¶5}** Pursuant to App.R. 30(A): "Immediately upon the entry of an order or judgment, the clerk shall serve by mail a notice of entry upon each party to the proceeding and shall make a note in the docket of the mailing." *See also* Loc.R. 30(A). "[The] failure to give reasonable notice of final appealable orders is a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution * * *." *Moldovan v. Cuyahoga Cty. Welfare Dept.*, 25 Ohio St.3d 293, 296 (1986).

**{¶6}** Mr. Gilcreast first contends that *this* Court erred and violated his due process rights because he was never mailed a copy of our March 31, 2020, decision in *Gilcreast*, 2020-Ohio-1207, despite the clerk of courts' duties under App.R. 30.

**{¶7}** At the outset, we must note our obligation to raise sua sponte questions related to our jurisdiction. *State v. Hamilton*, 9th Dist. Lorain No. 17CA011143, 2018-Ohio-2551, ¶ 7. This Court's jurisdiction is derived from the Ohio Constitution and the General Assembly. *King v. King*, 9th Dist. Medina No. 11CA0109-M, 2012-Ohio-5926, ¶ 3. Pursuant to both R.C. 2501.02 and Article IV, Section 3(B)(2), of the Ohio Constitution, this Court has jurisdiction as may be provided by law to review judgments or final orders of "courts of record *inferior* to the court of appeals" (Emphasis added.) within our district. "It is axiomatic that a court cannot be inferior or subordinate to itself." *State v. Eisnaugle*, 4th Dist. Pickaway No. 05CA1, 2005-Ohio-5221, ¶ 10. *See also Vance v. Roedersheimer*, 64 Ohio St.3d 552, 560 (1992), fn. 9 (Douglas, J., concurring in part and dissenting in part) ("[T]here cannot be an 'appeal' from a court to itself * * *."). Thus,

we decline to address Mr. Gilcreast's argument that *this* Court erred in some respect with regard to our March 31, 2020, decision, as any recourse would lie in an appeal to the Supreme Court of Ohio, not this Court.

{¶8} Even assuming arguendo that we had jurisdiction to address the above claim on the merits, Mr. Gilcreast's argument here exceeds the scope of this appeal. The notice of appeal in this matter specifically states that Mr. Gilcreast is appealing "from the final judgment entry entered by the Court of Common Pleas of Summit County, dated April 27, 2021[,]" so the scope of this appeal is limited to issues pertaining to that entry alone. *See Hamilton* at ¶ 10. *See also* App.R. 3(D) (requiring the notice of appeal to designate the judgment, order or part thereof appealed from). Any argument pertaining to our March 31, 2020, decision is thus beyond the scope of this appeal and not properly before this Court. *See Hamilton* at ¶ 10. Finally, we note that the clerk of courts' docket in *Gilcreast*, 2020-Ohio-1207, belies Mr. Gilcreast's claim here, as it plainly contains a notation that each party was mailed a copy of our March 31, 2020, decision on the day of its release.

{¶9} Mr. Gilcreast also claims that the trial court erred in this matter because he never received a copy of the court's April 27, 2021, journal entry, once again citing to App.R. 30. Without presenting any argument in support of this claim, *see* App.R. 16(A)(7), Mr. Gilcreast summarily concludes that his due process rights were violated and, in turn, requests the trial court's entry "dated April 22, [sic] 2021, dismissing [his] Complaint" to be "overruled." Notwithstanding the confusing remedy requested, the nonexistent "complaint" referenced, or Mr. Gilcreast's apparent misunderstanding of the trial court's judgment, this Court has clearly granted his motion to file a delayed appeal in this matter and thus permitted his appeal of the trial court's April 27, 2021, entry to proceed. *See* App.R. 5(F). We therefore fail to see how Mr. Gilcreast has suffered

any prejudice from the alleged error concerning the clerk's failure to notify him of the April 27, 2021, entry. *See, e.g., State v. Meredith*, 9th Dist. Summit No. 25198, 2011-Ohio-1517, ¶ 8 (determining that the trial court's failure to notify the defendant at sentencing of his appellate rights was rendered harmless when the court of appeals granted his motion to file a delayed appeal). Moreover, Mr. Gilcreast has not set forth any meaningful argument in support of his claim, *see* App.R. 16(A)(7), and it is not the duty of this Court to create and develop a due process argument on his behalf. *See King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 32. For the above reasons, we decline to address this portion of his assignment of error. *See id.*

{¶10} Mr. Gilcreast presents no other argument germane to the trial court's April 27, 2021, journal entry. *See* App.R. 16(A)(7). To the extent such an argument may exist, "it is not this [C]ourt's duty to root it out." *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶11} Accordingly, Mr. Gilcreast's sole assignment of error is overruled.

{¶12} The State of Ohio argues that this appeal, and the claims within it, are frivolous, and therefore requests sanctions to be levied against Mr. Gilcreast under App.R. 23. Pursuant to App.R. 23: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." A frivolous appeal is one that "'presents no reasonable question for review.'" *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 15, quoting *W. Res. Logistics v. Hunt Machine & Mfg. Co.*, 9th Dist. Summit No. 23124, 2006-Ohio-5070, ¶ 14. "This Court has the discretion to determine whether sanctions are warranted." *Figetakis v. My Pillow, Inc.*, 9th Dist. Summit No. 29843, 2022-Ohio-1078, ¶ 20. Although the issues raised by Mr. Gilcreast may lack substantial basis in the law, his actions here do not rise to the level of

frivolity required to permit sanctions under the Appellate Rules. *See Moss* at ¶ 15. We therefore decline the State's request to impose sanctions upon Mr. Gilcreast at this time.

III.

{¶13} Mr. Gilcreast's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed. The State's request for sanctions is denied.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.

CONCUR.

APPEARANCES:

SAMUEL R. SMITH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and, JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.