(Hamilton County Common Pleas.)

KATHERINE KRAUS v. CHARLES KRAUS.

---

False representations as to character, health, wealth and external conditions do not constitute such fraud as will annul a marriage contract.

---

Heard on demurrer to the answer.

DAVIS, J.

The plaintiff · filed her petition against the defendant, praying that she may be divorced from him on the ground of extreme cruelty.

The defendant filed an answer and cross-petition setting forth that the plaintiff had fraudulently, and by deceit, artfully practiced upon him, induced him to marry plaintiff.

The defendant avers that the plaintiff represented that she was bodily and physically a sound woman, that she was perfect in her eyesight; that she wore glasses and was thereby enabled to disguise her true condition, and that instead of being in a sound physical condition, she wore and used a glass eye, and that she skillfully concealed that fact from the defendant for more than one year after their marriage. And by reason of said alleged fraud and deceit he prays that a divorce be granted him.

To this answer a general demurrer has been filed by the plaintiff.

There is only one question presented: Does the answer plead sufficient facts to constitute a defense on the ground of fraudulent contract?

It is a general rule that false representation as to character, health, wealth and external conditions do not constitute such fraud as will annul a marriage contract. In order to be such a fraud it must affect the marital relation in its essential parts. Meyer v. Meyer, 4 Bull., 368; Carris v. Carris, 24 N. J. Eq., 517; Amer. and English Encyclopedia of Law, vol. 14, 511.

It is not necessary for a woman, during courtship, to inform her intended husband of any device or attachment used to improve the work of nature in the construction of her face, form or figure. If a glass eye, purposely concealed before marriage, be fraudulent representation and a ground for divorce, why are not false teeth, false hair or any other false article peculiar to the fair sex also a ground for divorce?

In the case of Meyers v. Meyers, Judge Burnet in delivering the opinion of the court said:

"Where the marriage is consummated and the parties have cohabited, it must not only be such a fraud as induced the party to enter into the contract but it must be a fraud in some matter essential to the marriage relation itself or affecting the legality of the contract. It must not merely be fraudulent representations which are inducements for entering into the relation, but fraudulent representations as to matters that are essential parts of the relation itself."

The answer in this case does not state facts sufficient to constitute a defense.

The demurrer, therefore, will be sustained.

H. P. Karch, for Plaintiff.

E. P. Dustin, for Defendant.