DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, James Stepp, appeals from a divorce decree entered by the Medina County Court of Common Pleas, Division of Domestic Relations. We affirm.
 I. {¶ 2} James Stepp ("Husband") and Paula Stepp ("Wife") met through an internet chat room in August, 2001. By late September-early October, 2001, they were engaged and were subsequently married on October 27, 2001. Wife moved out of the marital home on February 2, 2002; the parties disagree as to what precipitated the breakup. Husband filed a complaint for a divorce on February 19, 2002 in which he alleged that Wife was guilty of gross neglect of duty, extreme cruelty, and that the parties were incompatible. Husband demanded "that he be granted a full and final divorce from [Wife]; an equitable division of all marital assets; an award of temporary and permanent spousal support; an award of attorney fees and his costs of litigation" and a temporary restraining order. Wife answered, agreeing that the parties were incompatible, and counterclaimed; in response, Husband agreed on the incompatibility issue and again demanded "that he be granted a full and final divorce from [Wife]; an equitable division of all marital assets; an award of temporary and permanent spousal support; an award of attorney fees as well as his costs of litigation" and a temporary restraining order. On December 17, 2002, Husband filed a trial brief wherein he "submits that the marriage was procured by [Wife's] fraud in order that [Wife] could access [Husband's] finances and solve her financial difficulties."
 {¶ 3} The matter proceeded to trial, with both sides giving testimony and Husband entering financial papers into evidence. On March 18, 2003, the trial court issued an order of divorce with a property division. Husband timely appealed, raising two assignments of error.
 II. Assignment of Error No. 1
"The trial court erred in the division of property."
 {¶ 4} In his first assignment of error, Husband posits several arguments: the trial court should have granted him an annulment instead of a divorce pursuant to an amended pleading; the trial court's distribution of property was inequitable whether considering property division pursuant to R.C. 3105.171
(applicable to a divorce) or pursuant to R.C. 3105.31 (applicable to an annulment); the evidence presented by Husband was dispositive on the issue of fraudulent contract and, therefore, Husband should have been made whole on the theory of constructive fraud. In essence, Husband's logic is: Husband presented evidence of fraudulent inducement to marry; Husband successfully moved to amend the pleadings to conform to the evidence; fraud is a ground for an annulment; therefore, the trial court should have granted Husband an annulment and restored him to a position as if the marriage never occurred. This argument is without merit.
"It is a general rule that false representation as to character, health, wealth and external conditions do not constitute such fraud as will annul a marriage contract. In order to be such a fraud it must affect the marital relation in its essential parts." Kraus v. Kraus (1899), 6 Ohio N.P. 248.
 {¶ 5} Fraud in inducing a party to enter into marriage is insufficient; the fraud must be in a matter essential to the marriage relation itself or affecting the legality of the union. Id.
 {¶ 6} Husband argues that because he "moved * * * to amend the pleadings to conform to the evidence," he has amended his complaint such that he may be afforded an annulment, having proven through his testimony that Wife committed fraud in inducing him to marry by being untruthful regarding her financial situation. Husband's evidence however is not of the nature which would allow an annulment; to permit annulment, the fraud must go to the essentials of the marriage or must affect the legality of the union. Husband states that he believed Wife's financial status to be other than what it was. Assuming arguendo that Husband stated the truth, it is still "a general rule that false representation as to * * * wealth and external conditions do not constitute such fraud as will annul a marriage contract" Kraus,
supra. Therefore, Husband's evidence was not of a nature to entitle him to an annulment and his motion to amend the pleadings to conform to the evidence did not amend his complaint to seek an annulment. The trial court did not err in treating the complaint as pleading only for a divorce and granting the divorce based upon incompatibility in lieu of annulment. Because Husband did not amend his pleadings to seek annulment, R.C. 3105.31 is inapplicable to the case.
 {¶ 7} We now address the contention that the trial court's distribution of property was inequitable pursuant to R.C.3105.171.
 {¶ 8} R.C. 3105.171 states:
"(C)(1) * * * [T]he division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
"* * *.
"(E)(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
"(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors;
"(1) The duration of the marriage;
"(2) The assets and liabilities of the spouses;
"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
"(4) The liquidity of the property to be distributed;
"(5) The economic desirability of retaining intact an asset or an interest in an asset;
"(6) The tax consequences of the property division upon the respective awards to be made to each spouse:
"(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
"(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 9} Husband argues that the settlement was not equitable under R.C. 3105.171, because Wife engaged in financial misconduct as defined in R.C. 3105.171(E)(3); therefore, he should have been put in the position he was in prior to the marriage based upon the evidence of financial misconduct which he provided the court. However, at the trial, only Husband and Wife testified; their testimony was contradictory.
 {¶ 10} A trial court enjoys broad discretion in fashioning an equitable division of marital property. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218; Cherry v. Cherry (1981),66 Ohio St.2d 348, paragraph two of the syllabus. We review a property division in a divorce proceeding to determine whether the trial court abused its discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 143; Martin v. Martin (1985), 18 Ohio St.3d 292,294. For an abuse of discretion to exist, the court's attitude must be "unreasonable, arbitrary or unconscionable" and not merely an error of law or judgment. Blakemore,5 Ohio St.3d at 219.
 {¶ 11} The evidence in the record consisted of testimony of the parties and financial records. The trial court concluded from the evidence that Husband retained title to a vehicle but, regardless, Husband wanted Wife to pay off the $12,000 loan against it. The trial court ordered that Husband, despite his wishes, should retain the car free and clear from any claim by Wife and that Husband would hold Wife harmless for any indebtedness for the vehicle. The trial court then found that Husband had demanded the return of gifts made to Wife before he would permit Wife to remove her personal possessions from the marital home; further, Husband again wanted reimbursed for the price of Wife's wedding rings even though he had possession of them. The trial court ordered that the gifts, which included the wedding rings, be returned to Wife. The trial court found that a joint checking account was marital property and the funds within it were to be divided equally. Wife was ordered to reimburse Husband for $165.13 charged on credit cards for marital expenses. There was credible evidence presented to support the trial court's factual findings. We find no abuse of discretion in the trial court's division of property. Therefore, the trial court was correct in dividing the marital property equitably between the parties pursuant to the criteria of R.C. 3105.171 and not restoring Husband to his pre-marriage state. Husband's first assignment of error is overruled.
 Assignment of Error No. 2
"The trial court erred in failing to grant [husband] attorney fees."
 {¶ 12} In his second assignment of error, Husband argues that pursuant to R.C. 3105.18(H), the trial court should have ordered Wife to pay Husband's attorney fees, because Wife committed fraud in the inducement to marry.
 {¶ 13} R.C. 3105.18(H) states:
"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 14} We first note that R.C. 3105.18(H) does not provide for an award of attorneys' fees in the event of fraudulent contract to marry; the statute permits attorneys' fees if the court determines that one party is able to pay them and the other party's rights would not be adequately protected because lack of funds would prevent litigation. Further we note that, as discussed in the prior assignment of error, Husband has not proven fraudulent contract to marry. Husband's second assignment of error is overruled.
 III. {¶ 15} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
Carr, P.J. Slaby, J. concur.